

Exhibit A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| VANTAGE LOGISTICS, LLC | NEW YORK MARINE AND GENERAL INSURANCE COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 730 KINTNER PARKWAY<br>SUNBURY OH 43074 | 59 MAIDEN LANE 27TH FLOOR<br>NEW YORK NY 10038 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| CONAGRA FOODS PACKAGED FOODS, LLC | GLADYS DESENA J. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 222 W. MERCHANDISE MART PLAZA SUITE 1300<br>CHICAGO IL 60654 | 102 WINDSOR STREET<br>READING PA 19601 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | ELIZABETH HECK |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 167 POPLAR STREET<br>WILKES BARRE PA 18702 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 10 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration    [ ] Mass Tort       [ ] Commerce         [ ] Settlement<br>[X] Jury          [ ] Savings Action  [ ] Minor Court Appeal  [ ] Minors<br>[ ] Non-Jury      [ ] Petition         [ ] Statutory Appeals   [ ] W/D/Survival<br>[ ] Other: |

**CASE TYPE AND CODE**

1D - INSURANCE, DECLARATORY JUDGMNT

**STATUTORY BASIS FOR CAUSE OF ACTION**

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED
PRO PROTHY**

JAN **13** 2026

**L. BREWINGTON**

IS CASE SUBJECT TO
COORDINATION ORDER?
YES        NO

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: VANTAGE LOGISTICS, LLC

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| JOHN C. GENTILE | 1313 N. MARKET STREET<br>SUITE 1201<br>WILMINGTON DE 19801 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (302) 442-7071 | (302) 442-7012 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 322159 | JGENTILE@BENESCHLAW.COM |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *JOHN GENTILE* | Tuesday, January 13, 2026, 05:25 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF DEFENDANTS:

1. NEW YORK MARINE AND GENERAL INSURANCE COMPANY
   59 MAIDEN LANE 27TH FLOOR
   NEW YORK NY 10038
2. GLADYS DESENA
   102 WINDSOR STREET
   READING PA 19601
3. ELIZABETH HECK
   167 POPLAR STREET
   WILKES BARRE PA 18702
4. PRESTON PERKINS
   167 POPLAR STREET
   WILKES BARRE PA 18702
5. ISAI TRUCKING, LLC
   5479 RINKER CIRCLE
   DOYLESTOWN PA 18902
6. KASTRIOT ISAI
   4691 BISHOP CIRCLE
   DOYLESTOWN PA 18902
7. MARK RIDEOUT
   2243 N. 8TH STREET
   PHILADELPHIA PA 19113
8. UNITED STATES COLD STORAGE, INC.
   2 AQUARIUM DRIVE SUITE 400
   CAMDEN NJ 08103
9. UNITED STATES COLD STORAGE, LLC
   1050 HELLER ROAD
   QUAKERTOWN PA 18951
10. UNITED STATES COLD STORAGE, LP
    2 AQUARIUM DRIVE
    CAMDEN NJ 08103

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
By: John C. Gentile (PA Atty. I.D. 322159)
Benesch Friedlander Coplan & Aronoff, LLP
1650 Market Street
Philadelphia, PA 19103
(302) 442-7010 (Telephone)
(302) 442-7012 (Facsimile)
Email: jgentile@beneschlaw.com



Marc S. Blubaugh (OH Bar 0068221)
*Motion to Appear Pro Hac Vice Forthcoming*
Jennifer M. Turk (OH Bar 0073781)
*Motion to Appear Pro Hac Vice Forthcoming*
41 S. High Street, Suite 2600
Columbus, Ohio 43215-6164
Telephone: (614) 223-9300
Facsimile: (614) 223-9330
Email: mblubaugh@beneschlaw.com
       jturk@beneschlaw.com

*Attorneys for Plaintiff Vantage Logistics, LLC*

DICKIE, McCAMEY & CHILCOTE, P.C.
1650 Arch Street
Suite 2110
Philadelphia, PA 19103
(215) 925-2289
By: Allison L. Perry (PA Atty. I.D. 306568)

Patrick S. Nolan (WI State Bar No. 1024491)
*Motion to Appear Pro Hac Vice Forthcoming*
Alexandra Shortridge (WI State Bar No. 1086553)
*Motion to Appear Pro Hac Vice Forthcoming*
Quarles & Brady LLP
411 E. Wisconsin Ave., Suite 2400
Milwaukee WI 53202-4428
Telephone: (414) 277-5465
Facsimile: (414) 203-0190
Email: patrick.nolan@quarles.com
    alexandra.shortridge@quarles.com

*Attorney(s) for Plaintiff*
*ConAgra Foods Packaged Foods, LLC*

Case ID: 260101624

| | |
|---|---|
| **VANTAGE LOGISTICS, LLC,** | : |
| 730 Kintner Parkway | :   **COURT OF COMMON PLEAS OF** |
| Sunbury, Ohio 43074, | :   **PHILADELPHIA COUNTY** |
| | : |
|   and | :   **ACTION FOR DECLARATORY** |
| | :   **JUDGMENT** |
| **CONAGRA FOODS PACKAGED FOODS,** | : |
| **LLC,** | :   **(Jury Demand Endorsed Hereon)** |
| 222 W. Merchandise Mart Plaza | : |
| Suite 1300 | :   NO. _____ |
| Chicago, Illinois 60654, | : |
| | : |
|           Plaintiffs, | : |
| | : |
|   vs. | : |
| | : |
| **NEW YORK MARINE AND GENERAL** | : |
| **INSURANCE COMPANY,** | : |
| 59 Maiden Lane | : |
| 27th Floor | : |
| New York, New York 10038, | : |
| | : |
|   and | : |
| | : |
| **GLADYS J. DESENA,** | : |
| Individually and as Administrix of the Estate | : |
| of Bryan Franco, Deceased | : |
| 102 Windsor Street, | : |
| Reading, Pennsylvania 19601, | : |
| | : |
|   and | : |
| | : |
| **ELIZABETH HECK,** | : |
| Administrator of the Estate of Samantha Crich, | : |
| Deceased | : |
| 167 Poplar Street, | : |
| Wilkes Barre, Pennsylvania 18702, | : |
| | : |
|   and | : |
| | : |
| **PRESTON PERKINS, III,** | : |
| Administrator of the Estate of E.P., Deceased | : |
| 167 Poplar Street | : |
| Wilkes-Barre, Pennsylvania 18701, | : |
| | : |
|   and | : |

2

Case ID: 260101624

|  |  |
|---|---|
| **ISAI TRUCKING, LLC,** | : |
| 5479 Rinker Circle | : |
| Doylestown, Pennsylvania 18902, | : |
|  | : |
|    and | : |
|  | : |
| **KASTRIOT ISAI,** | : |
| 4691 Bishop Circle | : |
| Doylestown, Pennsylvania 18902, | : |
|  | : |
|    and | : |
|  | : |
| **MARK RIDEOUT,** | : |
| 2243 N. 8th Street | : |
| Philadelphia, Pennsylvania 19113, | : |
|  | : |
|    and | : |
|  | : |
| **UNITED STATES COLD STORAGE, INC.,** | : |
| 2 Aquarium Drive, Suite 400 | : |
| Camden, New Jersey 08103, | : |
|  | : |
|    and | : |
|  | : |
| **UNITED STATES COLD STORAGE, LLC,** | : |
| 1050 Heller Road | : |
| Quakertown, Pennsylvania 18951, | : |
|  | : |
|    and | : |
|  | : |
| **UNITED STATES COLD STORAGE, LP,** | : |
| 2 Aquarium Drive | : |
| Camden, New Jersey 08103, | : |
|  | : |
|        Defendants. | : |

Case ID: 260101624

# NOTICE TO DEFEND

## NOTICE

**You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.**

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

**Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197**

## AVISO

**Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.**

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

**Asociacion De Licenciados De Filadelfia
Servicio De Referencia E Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197**

Case ID: 260101624

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
By: John C. Gentile (PA Atty. I.D. 322159)
Benesch Friedlander Coplan & Aronoff, LLP
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone:  (302) 442-7010
Facsimile:  (302) 442-7012
Email:  jgentile@beneschlaw.com



Filed and Attested by the
Office of Judicial Records
13 JAN 2025 09:41 pm
L. BREWINGTON

Marc S. Blubaugh (OH Bar 0068221)
*Motion to Appear Pro Hac Vice Forthcoming*
Jennifer M. Turk (OH Bar 0073781)
*Motion to Appear Pro Hac Vice Forthcoming*
41 S. High Street, Suite 2600
Columbus, Ohio 43215-6164
Telephone: (614) 223-9300
Facsimile: (614) 223-9330
Email:  mblubaugh@beneschlaw.com
           jturk@beneschlaw.com

*Attorneys for Plaintiff Vantage Logistics, LLC*

Allison L. Perry (PA Atty. I.D. 306568)
DICKIE, McCAMEY & CHILCOTE, P.C.
1650 Arch Street
Suite 2110
Philadelphia, Pennsylvania 19103
Telephone:  (215) 925-2289

Patrick S. Nolan (WI State Bar No. 1024491)
*Motion to Appear Pro Hac Vice Forthcoming*
Alexandra Shortridge (WI State Bar No. 1086553)
*Motion to Appear Pro Hac Vice Forthcoming*
Quarles & Brady LLP
411 E. Wisconsin Ave., Suite 2400
Milwaukee WI 53202-4428
Telephone: (414) 277-5465
Facsimile: (414) 203-0190
Email:  patrick.nolan@quarles.com
           alexandra.shortridge@quarles.com

*Attorneys for Plaintiff ConAgra Foods
Packaged Foods, LLC*

| | |
|---|---|
| **VANTAGE LOGISTICS, LLC,** | : |
| 730 Kintner Parkway | : **COURT OF COMMON PLEAS OF** |
| Sunbury, Ohio 43074, | : **PHILADELPHIA COUNTY** |
| | : |
| and | : **ACTION FOR DECLARATORY** |
| | : **JUDGMENT** |
| **CONAGRA FOODS PACKAGED FOODS,** | : |
| **LLC,** | : **(Jury Demand Endorsed Hereon)** |
| 222 W. Merchandise Mart Plaza | : |
| Suite 1300 | : NO. _____ |
| Chicago, Illinois 60654, | : |
| | : |
| Plaintiffs, | : |
| | : |
| vs. | : |
| | : |
| **NEW YORK MARINE AND GENERAL** | : |
| **INSURANCE COMPANY,** | : |
| 59 Maiden Lane | : |
| 27th Floor | : |
| New York, New York 10038, | : |
| | : |
| and | : |
| | : |
| **GLADYS J. DESENA,** | : |
| Individually and as Administrix of the Estate | : |
| of Bryan Franco, Deceased | : |
| 102 Windsor Street, | : |
| Reading, Pennsylvania 19601, | : |
| | : |
| and | : |
| | : |
| **ELIZABETH HECK,** | : |
| Administrator of the Estate of Samantha Crich, | : |
| Deceased | : |
| 167 Poplar Street, | : |
| Wilkes Barre, Pennsylvania 18702, | : |
| | : |
| and | : |
| | : |
| **PRESTON PERKINS, III,** | : |
| Administrator of the Estate of E.P., Deceased | : |
| 167 Poplar Street | : |
| Wilkes-Barre, Pennsylvania 18701, | : |
| | : |
| and | : |

2

Case ID: 260101624

|  | : |
|---|---|
| **ISAI TRUCKING, LLC,** | : |
| 5479 Rinker Circle | : |
| Doylestown, Pennsylvania 18902, | : |
|  | : |
| and | : |
|  | : |
| **KASTRIOT ISAI,** | : |
| 4691 Bishop Circle | : |
| Doylestown, Pennsylvania 18902, | : |
|  | : |
| and | : |
|  | : |
| **MARK RIDEOUT,** | : |
| 2243 N. 8th Street | : |
| Philadelphia, Pennsylvania 19113, | : |
|  | : |
| and | : |
|  | : |
| **UNITED STATES COLD STORAGE, INC.,** | : |
| 2 Aquarium Drive, Suite 400 | : |
| Camden, New Jersey 08103, | : |
|  | : |
| and | : |
|  | : |
| **UNITED STATES COLD STORAGE, LLC,** | : |
| 1050 Heller Road | : |
| Quakertown, Pennsylvania 18951, | : |
|  | : |
| and | : |
|  | : |
| **UNITED STATES COLD STORAGE, LP,** | : |
| 2 Aquarium Drive | : |
| Camden, New Jersey 08103, | : |
|  | : |
| Defendants. | : |

## **COMPLAINT**

Plaintiff Vantage Logistics, LLC ("Vantage") and Plaintiff ConAgra Foods Packaged Foods, LLC ("ConAgra") (collectively, "Plaintiffs") state for their Complaint against Defendant New York Marine and General Insurance Company ("NYMGIC"), Defendant Gladys J. Desena,

3

Case ID: 260101624

Defendant Elizabeth Heck, Defendant Preston Perkins, III, Defendant Isai Trucking, LLC, Defendant Kastriot Isai, Defendant Mark Rideout, Defendant United States Cold Storage, Inc., Defendant United States Cold Storage, LC, and Defendant United States Cold Storage, LP as follows:

**PRELIMINARY STATEMENT**

Plaintiffs bring this declaratory action to determine insurance coverage after NYMGIC, their insurer, has unreasonably and in bad faith denied coverage across multiple policies. This action arises in connection with civil actions brought by Defendant Gladys J. Desena, Defendant Elizabeth Heck, and Defendant Preston Perkins, III in the Court of Common Pleas, Philadelphia County, asserting claims against Plaintiffs, among others, resulting from a 2023 motor vehicle accident in Pennsylvania that resulted in three fatalities.

**PARTIES**

1.      Vantage is an Ohio limited liability company with its principal place of business at 730 Kintner Parkway, Sunbury, Ohio 43074.

2.      ConAgra is a Delaware corporation with a principal place of business located at 222 W. Merchandise Mart Plaza, Suite 1300, Chicago Illinois 60654.

3.      NYMGIC is a privately owned property and casualty insurance company with its principal place of business at 59 Maiden Lane, 27th Floor, New York, New York 10038.

4.      Defendant Gladys J. Desena, Individually and as Administrator of the Estate of Bryan Franco, Deceased ("Desena"), is an adult person who currently resides at 102 Windsor Street, Reading, Pennsylvania 19601 and is made a party to this action pursuant to 42 Pa.C.S. § 7540(a).

5.      Defendant Elizabeth Heck, Administrator of the Estate of Samantha Crich, Deceased ("Heck"), is an adult person who currently resides at 167 Poplar Street, Wilkes-Barre,

Case ID: 260101624

Luzerne County, Pennsylvania 18702 and is made a party to this action pursuant to 42 Pa.C.S. § 7540(a).

6.      Defendant Preston Perkins, III, Administrator of the Estate of E.P., Deceased ("Perkins"), is an adult person who currently resides at 167 Poplar Street, Wilkes-Barre, Luzerne County, Pennsylvania 18702 and is made a party to this action pursuant to 42 Pa.C.S. § 7540(a).

7.      Defendant Isai Trucking, LLC, ("Isai Trucking") is a Pennsylvania limited liability company with its principal place of business located at 5479 Rinker Circle, Doylestown, Pennsylvania 18902 and is made a party to this action pursuant to 42 Pa.C.S. § 7540(a).

8.      Defendant Kastriot Isai ("Isai") is an adult person who resides at 4691 Bishop Circle, Doylestown, Pennsylvania and is made a party to this action pursuant to 42 Pa.C.S. § 7540(a).

9.      Defendant Mark Rideout ("Rideout") is an adult person who resides at 2243 N. 8th Street, Philadelphia, Pennsylvania 19133 and is made a party to this action pursuant to 42 Pa.C.S. § 7540(a).

10.      Defendant United States Cold Storage, Inc., is a New Jersey Corporation with its principal place of business at Ferry Terminal Building, 2 Aquarium Drive, Suite 400, Camden, New Jersey 08103 and is made a party to this action pursuant to 42 Pa.C.S. § 7540(a).

11.      Defendant United States Cold Storage, LLC is a Pennsylvania limited liability company with its principal place of business at 1050 Heller Road, Quakertown, Pennsylvania 18951 and is made a party to this action pursuant to 42 Pa.C.S. § 7540(a).

12.      Defendant United States Cold Storage, LP is a Pennsylvania limited partnership with its principal place of business located at Ferry Terminal Building, 2 Aquarium Drive, Suite 400, Camden, New Jersey 08103 and is made a party to this action pursuant to 42 Pa.C.S. §

Case ID: 260101624

7540(a). (Defendants United States Cold Storage, Inc., United States Cold Storage, LLC, and United States Cold Storage, LP, will collectively be referred to as "U.S. Cold Storage.")

## JURISDICTION AND VENUE

13.     This action is for, in part, a declaratory judgment pursuant to Pennsylvania Declaratory Judgment Act, 42 Pa.C.S. § 7531 *et seq*., to determine Plaintiffs' rights under certain insurance policies issued by NYMGIC.

14.     This Court has jurisdiction over the persons of Defendants because they are either citizens of Pennsylvania, are registered to do business in Pennsylvania, or engage in systematic and continuous contacts with Pennsylvania. Further, this Court has jurisdiction over the persons of Defendants Desena, Heck, Perkins, Isai Trucking, Isai, Rideout, and U.S. Cold Storage pursuant to 42 Pa.C.S. § 7540(a).

15.     Venue is proper in this Court pursuant to Pa. R. Civ. P. 1006 and Pa. R. Civ. P. 2179 and because NYMGIC regularly conducts business in this county. Venue is also proper in this Court because the Underlying Action is currently pending in this county.

## FACTS COMMON TO ALL COUNTS

16.     Vantage is the named insured under four insurance policies issued by New York Marine and General Insurance Company ("NYMGIC") that are the subject of this action.

17.     First, Vantage is a named insured under a Contingent Automobile Liability Policy issued by NYMGIC, No. AR2022FFP01582 (the "Transit Liability Policy"). The Transit Liability Policy has a policy limit of $1,000,000 per occurrence under the Contingent Auto Coverage but provides for an additional $1,000,000 coverage under the Schedule of Contracts Endorsement for a total of $2,000,000 available coverage for Vantage.

6

Case ID: 260101624

18.     Second, Vantage is a named insured under a Business Owners Policy, No. BP202200000605 (the "Business Owners Policy"). The Business Owners Policy has a policy limit of $1,000,000 per occurrence and $2,000,000 in aggregate for Vantage.

19.     Third, Vantage is a named insured under a Commercial Umbrella Liability Insurance Policy issued by NYMGIC, No. UM202200008256 (the "Umbrella Policy"). The Umbrella Policy provides Vantage with up to $5,000,000 of insurance on a per occurrence basis or $5,000,000 in the aggregate for a covered loss.

20.      The Transit Liability Policy, the Business Owners Policy, and the Umbrella Policy are collectively referred to as the "Policies." Copies of the Policies are not attached to the Complaint because of their large volume, and, in any event, NYMGIC has a copy of the Policies.

21.     Vantage is also a named insured under a Commercial Auto Policy issued by NYMGIC, No. AU202200015983 ("the Auto Policy"). A copy of the Auto Policy also is not attached to the Complaint because of its large volume, and, in any event, NYMGIC has a copy of the Auto Policy.

22.     The Policies and the Auto Policy were issued and delivered to Vantage at its principal place of business in Sunbury, Ohio.

23.     ConAgra is an Additional Insured under the Policies and the Auto Policy and is therefore entitled to the same amounts of coverage described above in addition to any amounts of coverage available to Vantage.

I.      **Background**

Case ID: 260101624

24.     On February 28, 2023, Vantage arranged for the transportation of a load from U.S. Cold Storage in Quakertown, Pennsylvania to be delivered to Hatfield, Massachusetts.  Vantage brokered the transportation of the load to a third-party motor carrier, Isai Trucking.  At all times relevant, Vantage acted in its capacity as a freight broker pursuant to its federally-issued authority under USDOT No. 2496450 and Docket No. MC-865023.

25.      While allegedly enroute to the pickup, Isai Trucking's driver, Rideout, was traveling southbound on State Route 33 in Hamilton Township, Monroe County, Pennsylvania.  Near mile marker 20, Rideout was involved in a multiple-vehicle accident (the "Accident").  Rideout was not carrying or transporting any cargo at the time of the Accident.

26.     Plaintiffs have been named as defendants in three lawsuits pending in the Court of Common Pleas, Philadelphia County, First Judicial District of Pennsylvania captioned as *Desena v. Isai Trucking LLC, et al., Heck v. Rideout, et al.,* and *Perkins v. Isai Trucking LLC, et al.,* consolidated as Case No. 231000095 (the "Underlying Action").  The Underlying Action asserts multiple claims against Plaintiffs, including but not limited to bodily injury, wrongful death, negligence, broker liability, negligent entrustment, vicarious liability, negligent selection, hiring, and retention stemming from the Accident.

27.     Vantage timely submitted a demand for coverage for itself and for ConAgra under the Policies in connection with the claims asserted against it in the Underlying Action.  Vantage's demand was assigned claim nos. EWR00299713, EWR00299715, and EWR00299719 (the "Claims").

28.     On or about October 13, 2023, NYMGIC accepted Vantage's defense in the Underlying Action without issuing any reservation of rights letter or coverage position letter.  As such, NYMGIC agreed to defend Vantage under the Transit Liability Policy.  However, NYMGIC

Case ID: 260101624

later stated that the limit of liability under the Transit Liability Policy was $1 million. NYMGIC specifically denied Vantage's claim for the additional $1 million of coverage provided by Schedule of Contracts Endorsement to the Transit Liability Policy.

29.    Additionally, on or about May 6, 2025, NYMGIC notified Vantage that it denied coverage under the Auto Policy, the Umbrella Policy, and the Business Owners Policy for the Claims made in connection with the Underlying Action.

30.    Similarly, on or about May 6, 2025, NYMGIC notified ConAgra that it denied coverage to ConAgra as an additional insured under the Policies and the Auto Policy for the Claims made in connection with the Underlying Action.

## II.    The Transit Liability Policy

31.    NYMGIC accepted coverage under the Contingent Auto Endorsement of the Transit Liability Policy.

32.    However, NYMGIC has only agreed to provide $1,000,000 in coverage for the Vantage under the Contingent Auto Endorsement of the Transit Liability Policy.

33.    Vantage is entitled to $1,000,000 in coverage per occurrence under the Contingent Automobile Liability Endorsement in the Transit Liability Policy.

34.    Vantage is also entitled to $1,000,000 in coverage per occurrence under the Schedule of Contracts endorsement in the Transit Liability Policy.

## III.    The Business Owners Policy

35.    NYMGIC improperly relied on two exclusions to deny coverage for Vantage for the Claims under the Business Owners Policy: (1) the "Aircraft, Auto or Watercraft" exclusion and (2) the "Exclusion – Designated Work."

Case ID: 260101624

36.     To trigger the "Aircraft, Auto or Watercraft" exclusion under the Business Owners Policy, there must be an "occurrence" that causes "bodily injury" or "property damage" arising out of Vantage's "ownership, maintenance, use, or entrustment to others of any[…] 'auto' […] owned or operated by or rented or loaned to any insured." Business Owners Policy, § II(B)(1)(g).

37.     The Underlying Action asserts claims against Vantage in its capacity as a freight broker arising from its arranging for the motor carriage of a load with Isai Trucking.

38.     The "auto" at issue is the Isai Trucking tractor-trailer, which was owned and operated at the time of the Accident by Isai Trucking as the "motor carrier," which is defined as "a person providing motor vehicle transportation for compensation" pursuant to 46 U.S.C. § 13102(14).

39.     Isai Trucking owned, operated, and controlled the tractor-trailer that Rideout was operating at the time of the Accident.

40.     Vantage did not own, maintain, use, or entrust the tractor-trailer to Isai Trucking.

41.     Therefore, the "Aircraft, Auto or Watercraft" exclusion under the Business Owners Policy does not apply.

42.     The "Designated Work" exclusion under the Business Owners Policy only applies if Vantage's liability arises from arranging transportation of property by motor carrier and the occurrence involves a motor vehicle transporting the property for which Vantage arranged the transport.

43.     The Isai Trucking driver, Rideout, was enroute to pick up the property for transport when the Accident occurred.  No transportation of property was taking place at the time of the Accident.

Case ID: 260101624

44. The "Designated Work" exclusion does not apply to preclude coverage for Vantage, and NYMGIC improperly denied Vantage's Claims.

45. The Business Owners Policy provides policy limits of $1,000,000 on a per occurrence basis, and $2,000,000 in aggregate coverage that is available to Vantage. The complaints filed in the Underlying Action allege there were at least two (2) collisions, or more, giving rise to the resulting Claims.

46. Vantage is entitled to at least $2,000,000 in coverage under the Business Owners Policy.

**IV.     The Umbrella Policy**

47. "Covered auto" in the Umbrella Policy "means only those 'autos' to which 'underlying insurance' applies." Umbrella Policy, § V(5).

48. The Business Owners Policy and the Auto Policy are "underlying insurance" to the Umbrella Policy.

49. The Isai Trucking driver's vehicle is a "covered auto" under the clear terms of the Business Owners Policy.

50. Neither the "Aircraft, Auto or Watercraft" exclusion nor the "Exclusion – Designated Work" preclude coverage.

51. NYMGIC improperly denied coverage to Vantage under the Umbrella Policy for the Claims.

52. The Umbrella Policy provides policy limits of $5,000,000 on a per occurrence and aggregate basis that is available to Vantage.

53. Vantage is entitled to at least $5,000,000 in coverage under the Umbrella Policy.

Case ID: 260101624

## V.  ConAgra Is An Additional Insured Under The Policies and the Auto Policy

### 1.  The Transit Liability Policy

54.     The Transit Liability Policy establishes that ConAgra is contractually named as an Additional Insured with respect to the Claims.

55.     NYMGIC has denied coverage for ConAgra incorrectly asserting that ConAgra's status as an Additional Insured first must be judicially determined as being vicariously liable for the acts of Vantage.

56.     However, the plain and unambiguous language of the Transit Liability Policy and its Schedule of Contracts Endorsement establish that ConAgra is contractually named as an Additional Insured with respect to the Claims arising out of Vantage's acts as a property broker.

**ADDITIONAL INSURED**

**Conagra Foods Packaged Foods, LLC** is included as an **Additional Insured** with respect to the **Contingent Auto** coverage, but only when you have arranged transportation with a carrier.

Transit Liability Policy, Change Endorsement Additional Insured by Contract.

57.     As an Additional Insured, ConAgra is entitled to $1,000,000 in coverage under Contingent Auto Coverage.  ConAgra is also entitled to an additional $1,000,000 coverage under the Schedule of Contracts Endorsement, resulting in a total of $2,000,000 in available coverage under the Transit Liability Policy for the Claims and Underlying Action.

### 2.  The Business Owners Policy

58.     ConAgra is also contractually named as an Additional Insured under the Business Owners Policy.

Case ID: 260101624

**SCHEDULE**

| Name Of Additional Insured Person(s) Or Organization(s): |
| --- |
| ConAgra Foods Packaged, LLC |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. |

Business Owners Policy, Additional Insured—Designated Person or Organization.

59.     As with Vantage, neither the "Aircraft, Auto or Watercraft" exclusion nor the "Designated Work" exclusion under the Business Owners Policy applies to preclude coverage for ConAgra.

60.     The Underlying Action asserts claims against ConAgra based on its contract with Vantage.

61.     ConAgra did not own, maintain, use, or entrust the tractor-trailer to Isai Trucking.

62.     The "Designated Work" exclusion under the Business Owners Policy only applies if Conagra's liability arises from arranging transportation of property of others by motor carrier and the occurrence involves a motor vehicle transporting the property for which Vantage arranged the transport.

63.     Additionally, ConAgra did not arrange and is not alleged to have arranged transportation for the property of others.

64.     Nor is ConAgra alleged to have arranged transportation for the property of others.

65.     The Business Owners Policy provides ConAgra with a policy limit of $1,000,000 per occurrence and $2,000,000 aggregate.

**3.   The Auto Policy**

66.     The Auto Policy establishes that ConAgra is contractually named as an Additional Insured with respect to the Claims.

Case ID: 260101624

67. No exclusion exists in the Auto Policy to preclude coverage to ConAgra for the Claims and the Underlying Action.

68. The Auto Policy provides ConAgra with a policy limit of $1,000,000.

### 4. The Umbrella Policy

69. ConAgra is an additional insured under the Umbrella Policy pursuant to section Umbrella Policy at § II.2.c.

70. The Umbrella Policy defines "covered autos" as "only those 'autos' to which 'underlying insurance' applies." Umbrella Policy, No. § V(5).

71. ConAgra is an Additional Insured under the Umbrella Policy by virtue of its additional insured status under the Business Owners Policy.

72. The Umbrella Policy provides ConAgra with a policy limit of $5,000,000.

73. Therefore, NYMGIC has no valid basis to refuse to provide Vantage and ConAgra with coverage for the Claims and Underlying Action under the Policies as set forth in the chart:

| Policy/Policy No. | Insured | Coverage Amount For Each Insured | Total Coverage Available |
|---|---|---|---|
| Transit Liability Policy, No. AR2022FFP01582 | Vantage/ConAgra | $2,000,000 (total available coverage) | $4,000,000 |
| Business Owners Policy, No. BP202200000605 | Vantage/ConAgra | $1,000,000 (per occurrence) $2,000,000 (in aggregate) | $4,000,000 |
| Umbrella Policy, No. UM202200008256 | Vantage/ConAgra | $5,000,000 (per occurrence) $5,000,000 (in aggregate) | $10,000,000 |
| Auto Policy, No. AU202200015983 | ConAgra | $1,000,000 (combined single limit) | $1,000,000 |
| | | | $19,000,000 (grand total) |

Case ID: 260101624

## CAUSES OF ACTION

### COUNT I
### (Declaratory Judgment and Breach of Contract Claim)

74.     Plaintiffs incorporate the preceding allegations as if fully rewritten herein.

75.     The Transit Liability Policy provides Vantage $1,000,000 in coverage per occurrence under the Contingent Automobile Liability Endorsement.  Vantage is also entitled to $1,000,000 in coverage per occurrence under the Schedule of Contracts endorsement in the Transit Liability Policy, providing Vantage with a total of $2,000,000 under the Transit Liability policy.

76.     Vantage is also entitled to insurance coverage up to $1,000,000 per occurrence under the Business Owners Policy, and because the Underlying Action establishes more than one occurrence, Vantage is entitled to a total coverage of $2,000,000.

77.     Vantage also is entitled to insurance coverage up to $5,000,000 per occurrence or $5,000,000 in the aggregate under the Umbrella Policy.

78.     ConAgra, as an additional insured, is similarly entitled to $1,000,000 in coverage per occurrence under the Contingent Automobile Liability Endorsement; and $1,000,000 in coverage per occurrence under the Schedule of Contracts endorsement in the Transit Liability Policy; $2,000,000 in coverage under the Business Owners Policy; $1,000,000 in coverage under the Auto Policy; and up to $5,000,000 per occurrence or $5,000,000 in the aggregate under the Umbrella Policy.

79.     NYMGIC breached the Policies and the Auto Policy by denying coverage to Vantage and ConAgra where no valid exclusion applies.

80.     Plaintiffs' and NYMGIC's respective opinions are in direct conflict and otherwise irreconcilable.

81.     A justiciable controversy exists between Plaintiffs and NYMGIC.

Case ID: 260101624

82.     A judgment or decree from this Court will terminate the uncertainty or controversy giving rise to this action in which declaratory relief is sought.

83.     Plaintiffs' interest in the declaratory action is direct, substantial, and present, as the determination here will affect the Underlying Action.

84.     No other adequate or speedy remedy exists for the resolution of the aforementioned controversy.

85.     As a result, Plaintiffs request a declaration that: 1) Vantage is entitled to insurance coverage up to $2,000,000 under Transit Liability Policy; up to $2,000,000 under the Business Owners Policy; and up to $5,000,000 per occurrence basis or $5,000,000 in the aggregate under the Umbrella Policy; 2) ConAgra, as an additional insured, is entitled to insurance coverage up to $2,000,000 under Transit Liability Policy; up to $2,000,000 under the Business Owners Policy; up to $1,000,000 under the Auto Policy; and up to $5,000,000 per occurrence basis or $5,000,000 in the aggregate under the Umbrella Policy; and 3) that the court declare NYMGIC to be in breach of the Policies.

## COUNT II
### (Claim for Bad Faith)

86.     Plaintiffs incorporate the preceding allegations as if fully rewritten herein.

87.     The Claims are covered claims within the terms of the Policies.

88.     NYMGIC has an obligation of good faith and fair dealing in handling Plaintiffs' requests for full coverage under the Policies and in making a correct coverage determination.

89.     NYMGIC breached this duty of good faith and fair dealing, to the detriment of Plaintiffs.

90.     NYMGIC, in making its coverage determination, unreasonably failed to honor its contractual obligations to Plaintiffs under the clear and unambiguous language of the Policies.

Case ID: 260101624

91.     NYMGIC, in making it coverage determination, ignored its own policy wording and the broad allegations contained in the Underlying Action.

92.     NYMGIC further failed to conduct a reasonable investigation of the circumstances of the Accident and the relationships of the parties.

93.     NYMGIC has failed to give due and objective consideration to Plaintiffs' position with respect to coverage under the Policies.

94.     NYMGIC's conduct is intentional, malicious, made with a conscious disregard for the rights of Plaintiffs, and made with a great probability of causing substantial harm to Plaintiffs.

95.     NYMGIC's improper, arbitrary, and capricious rejection of Plaintiffs' claims and wrongful denial of coverage without a reasonable justification constitutes bad faith, for which Plaintiffs are entitled to both compensatory and punitive damages and attorneys' fees in amounts to be determined at trial, plus pre-judgment and post-judgment interest and costs.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiffs, based upon the foregoing factual allegations and applicable legal theories, whether stated herein above or determined at a later time, and based upon the evidence presented at trial, respectfully prays for the following relief:

A.     Judgment in its favor on all of its claims for relief;

B.     Declaratory judgment in favor of Plaintiffs and against NYMGIC on Plaintiffs' First Claim for Relief stating that: 1) Vantage is entitled to insurance coverage up to $2,000,000 under Transit Liability Policy; up to $2,000,000 under the Business Owners Policy; and up to $5,000,000 per occurrence basis or $5,000,000 in the aggregate under the Umbrella Policy; and 2) ConAgra, as an additional insured, is entitled to insurance coverage up to $2,000,000 under Transit Liability Policy; up to $2,000,000 under the Business Owners Policy; up to $1,000,000 under the

Case ID: 260101624

Auto Policy; and up to $5,000,000 per occurrence basis or $5,000,000 in the aggregate under the Umbrella Policy;

     C.     Judgment in favor of Plaintiffs and against NYMGIC on Plaintiffs' Second Claim for Relief for both compensatory and punitive damages and attorneys' fees in amounts to be determined at trial, plus pre-judgment and post-judgment interest and costs; and

     D.     All other relief in law or equity to which Plaintiffs may be entitled.

Dated: January 13, 2026

                               Respectfully submitted,

                               */s/ John C. Gentile*
                               John C. Gentile (PA Atty. I.D. 322159)
                               Benesch Friedlander Coplan & Aronoff, LLP
                               1650 Market Street
                               Philadelphia, Pennsylvania  19103
                               Telephone:  (302) 442-7010
                               Facsimile: (302) 442-7012
                               Email:  jgentile@beneschlaw.com

                               Marc S. Blubaugh (OH Bar 0068221)
                               *Motion to Appear Pro Hac Vice Forthcoming*
                               Jennifer M. Turk (OH Bar 0073781)
                               *Motion to Appear Pro Hac Vice Forthcoming*
                               Benesch Friedlander Coplan & Aronoff, LLP
                               41 S. High Street, Suite 2600
                               Columbus, Ohio 43215-6164
                               Telephone: (614) 223-9300
                               Facsimile: (614) 223-9330
                               Email:  mbluaugh@beneschlaw.com
                                        jturk@beneschlaw.com

                               *Attorneys for Plaintiff Vantage Logistics, LLC*

                               Allison L. Perry (PA Atty. I.D. 306568)
                               DICKIE, McCAMEY & CHILCOTE, P.C.
                               1650 Arch Street
                               Suite 2110
                               Philadelphia, PA 19103
                               Telephone: (215) 925-2289

Case ID: 260101624

Patrick S. Nolan (WI State Bar No. 1024491)
*Motion to Appear Pro Hac Vice Forthcoming*
Alexandra Shortridge (WI State Bar No. 1086553)
*Motion to Appear Pro Hac Vice Forthcoming*
Quarles & Brady LLP
411 E. Wisconsin Ave., Suite 2400
Milwaukee WI 53202-4428
Telephone: (414) 277-5465
Facsimile: (414) 203-0190
Email: patrick.nolan@quarles.com
          alexandra.shortridge@quarles.com

*Attorneys for Plaintiff ConAgra Foods Packaged Foods, LLC*

Case ID: 260101624



**VERIFICATION**

Filed and Attested by the
Office of Judicial Records
13 JAN 2026 05:35 pm
L. BREWINGTON

I, Adam Conley, state that I am the representative of Plaintiff Vantage Logistics, LLC, that I am authorized to make this verification on its behalf, and, further, that the statements contained within the foregoing *Verified Complaint* are true and correct to the best of my knowledge, information and belief, based upon the documentation and information provided to me by the Plaintiff. I understand that these statements are subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Dated: January 13, 2026

_____
Adam Conley

28081818 v1

Case ID: 260101624